UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDALL K. DAVIDSON, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:22-CV-244-HAB |
| SUPERIOR JUDGE, BENJAMIN VANDERPOOL, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

In Plaintiff's own words, he has sued dozens of people "to be free from hate crimes, covert organized gang stalking, remote neural monitoring, jolts of radiation, synthetic telepathy, civil extortion and unlawful discrimination on the grounds of his political ideology and religious beliefs." (ECF No. 1 at 1-2). He claims that the Defendants killed his father (and many others), planned and carried out the January 6 insurrection, and "nuke[d]" his "reproductive parts" with radiation. These are some of the less-fanciful allegations in the complaint. Plaintiff seeks leave to pursue this action *in forma pauperis*.

**I.    IFP Status**

Because it appears that Plaintiff qualifies to proceed without the pre-payment of filing fees, his Motion to Proceed *in Forma Pauperis* is GRANTED. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, Plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (in forma pauperis litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, at *5 (C.D. Ill. June

30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## II.    Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

When screening an IFP complaint, "a court may dismiss a claim as factually frivolous only if the alleged facts are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (citations omitted). Plaintiff's complaint falls into this category. Other than vague references to his "political ideology and religious beliefs," Plaintiff does not explain why dozens of people, including one Indiana Supreme Court

Justice, would devote so much time and effort into his remote sterilization among other wrongs. The allegations are wholly incredible. If Plaintiff wants to pursue these claims, he will have to pay the filing fee. *See Denton*, 504 U.S. at 34 (dismissal under the screening statute "does not prejudice the filing of a paid complaint making the same allegations.").

This leaves the question of whether Plaintiff should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). While the Court is generally inclined to give *pro se* plaintiffs considerable leeway, and nearly always grants at least one opportunity to amend, the Court sees no reason to do so here. The allegations in the complaint are frivolous no matter how they are drafted. No amendment will fix the problems with Plaintiff's complaint, leaving amendment a useless exercise.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

SO ORDERED on August 3, 2022.

                            s/ *Holly A. Brady*
                            JUDGE HOLLY A. BRADY
                            UNITED STATES DISTRICT COURT